IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Bruce Smalls, ) | |
| ) | C/A No. 6:18-2073-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Thrive Upstate f/k/a ) | |
| Greenville County Disabilities ) | |
| and Special Needs Board, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Bruce Smalls brought this action alleging claims under the Americans with Disabilities Act ("ADA") and state law claims for breach of contract, breach of contract with fraudulent intent, negligent supervision, and gross negligence. (ECF No. 1). This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(g), D.S.C. (ECF No. 19). The magistrate judge recommends that Defendant's partial motion to dismiss (ECF No. 5) be granted in part and denied in part and that this action be dismissed for lack of subject matter jurisdiction. (ECF No. 19 at 7). Specifically, the magistrate judge determined that, in regard to Plaintiff's ADA claim, Plaintiff failed to exhaust his administrative remedies before filing this action, and, therefore, the court lacks subject matter jurisdiction over Plaintiff's ADA claim. *Id.* at 6. The magistrate judge also recommends that Plaintiff's state law claims for breach of contract, breach of contract with fraudulent intent, negligent supervision, and gross negligence be dismissed because there is no independent basis for federal jurisdiction and, therefore, the court lacks subject matter jurisdiction over these claims as well. *Id.* at 7-8.

1

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough and careful review of the record, the court adopts the Report as modified. (ECF No. 19). Rather than grant the motion of summary judgment in part and deny it in part, the court finds that, because it lacks subject mater jurisdiction, the action should be dismissed without prejudice. *See S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands*, LLC, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for . . . [a] defect in subject matter jurisdiction[ ] must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits."). Accordingly, this action is dismissed without prejudice.

**IT IS SO ORDERED.**

                                                                s/Timothy M. Cain
                                                                 United States District Judge

February 4, 2019
Anderson, South Carolina